Submitted on record and brief February 5, supplemental judgment vacated; remanded for re-entry of original judgment June 12, 1991

In the Matter of the Marriage of

Deana L. McDADE,
*Appellant,*
*and*

Bertrand R. McDADE,
*Respondent.*

(89C-31370; CA A65741)

812 P2d 1390

Albert C. Depenbrock, Salem, filed the brief for appellant.

No appearance by respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Wife appeals a so-called supplemental judgment modifying the property division in the original dissolution judgment.[1] We vacate the supplemental judgment.

On February 28, 1990, the trial court signed a judgment of dissolution awarding custody and child support to wife. On March 2, 1990, before the judgment was entered, husband filed a "Motion for Reconsideration," requesting that the court reconsider the amount of child support awarded. No new evidence supporting the motion was offered or claimed to exist, and husband did not claim any legal error or authority to support his motion. The judgment was entered on March 19, 1990. Nevertheless, over wife's objection, the court conducted a hearing on April 10 on husband's motion and entered the supplemental judgment. That judgment purported to amend the original judgment to award husband an Individual Retirement Account that had previously been awarded to wife. Child support, which was the basis for husband's motion, was not changed. Wife contends that the trial court was without authority to amend the judgment.

The general rule is that a trial court cannot modify property division provisions of a dissolution judgment. ORS 107.135(1); *Garnett v. Garnett,* 270 Or 102, 526 P2d 549 (1974); *Adams and Adams,* 107 Or App 93, 811 P2d 919 (1991); *Renninger and Renninger,* 82 Or App 706, 730 P2d 37 (1986).

Supplemental judgment vacated; remanded for re-entry of original judgment. No costs to either party.

---

[1] Husband did not appear in this appeal.