Submitted on record and briefs January 3, affirmed March 19, 1997

In the Matter of the Marriage of

Gary Joseph PARADIS,
*Respondent,*

*and*

Diana Dawn KEITH,
*Appellant.*

(88-34-NJ-3; CA A90143)

935 P2d 436

Diana Dawn Keith filed the brief *pro se*.

Gary Joseph Paradis filed the brief *pro se*.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Mother appeals from a judgment holding her in contempt for willfully violating the court's order regarding father's visitation rights. ORS 33.015 *et seq*. We affirm.

On January 17, 1995, the trial court held a hearing regarding a motion for change of custody of the parties' minor child. The court ordered that mother "shall retain custody and control of the minor child * * * with visitation to [father] as agreed between the parties." This order was entered on June 15, 1995. Mother returned with the child to her home in Louisiana in early February 1995. Father lives in Ashland.

In late April 1995, father notified mother of his desire to exercise visitation with the child during June 1995. His family was having a family reunion, and he wanted her to attend. Because the child was only eight years old, he planned to fly her on a commercial airline to Dallas, Texas, to meet his sister, who would then accompany the child to father's home in Oregon. His sister would also accompany the child on the return trip to Dallas, Texas, and make sure that she boarded her flight in Dallas to Louisiana.

At the beginning of May, father sent mother a letter, describing the visitation that was to last from June 10 to July 1. On May 17, father sent mother another letter, stating that, because of his sister's schedule, the dates had changed from June 15 to June 26. At the end of May, he purchased a plane ticket and sent it to the child. Father's sister also sent mother a letter regarding the visitation, along with an itinerary for the flight.

Mother never indicated to father that these dates would be a problem; however, after mother received the airline tickets she said that she wanted the child to stay with her friend in Oregon for a couple of weeks at the end of father's visitation, rather than accompanying father's sister back to Dallas. Father told her that the arrangements already had been made and that he did not want to change his plans. Because father would not agree to let the child stay in Oregon after his visitation time ended, mother refused to send the child on June 15.

On father's motion, the court ruled that mother could not impose such a condition on father's visitation and held mother in contempt for violating its order allowing father reasonable visitation. Father was granted a judgment for $500 and his attorney fees. ORS 33.045(4). Mother appeals.

Mother argues that the judgment of contempt is facially defective because it fails to set forth the statutory basis for the contempt. She contends that the judgment must be reversed because we cannot adequately review a contempt procedure without knowing the statutory grounds for the finding of contempt. *See Yowman and Yowman*, 79 Or App 43, 46, 717 P2d 1243 (1986) (holding that specification of the statutory grounds in the contempt judgment is essential for adequate appellate review).

▮ Before 1991, there were two types of contempt: civil and criminal. Each type of contempt contemplated a different procedure and, thus, it was essential for us to know what type of contempt was before us for purposes of review. However, the legislature rewrote the contempt statutes in 1991. Or Laws 1991, ch 724. Under the amended statutes, there is no longer a distinction between "criminal" or "civil" contempt. Contempt is either "remedial" or "punitive," depending on the sanction sought and who brings the proceeding. *Dahlem and Dahlem*, 117 Or App 343, 345-46, 844 P2d 208 (1992); ORS 33.015(4);[1] ORS 33.015(3).[2] Because the motion was brought by father and stated that he was seeking remedial sanctions only, the contempt is necessarily remedial in nature.[3] Thus, the lack of a statement of the statutory

---

[1] ORS 33.015(4) provides that " '[r]emedial sanction' means a sanction imposed * * * to compensate for injury, damage or costs resulting from a past or continuing contempt of court."

[2] ORS 33.015(3) provides that " '[p]unitive sanction' means a sanction imposed to punish a past contempt of court." It is initiated by an accusatory instrument brought by a city attorney, a district attorney or the Attorney General. ORS 33.065(3).

[3] Moreover, father's motion also conformed with the Supreme Court rules regarding contempt proceedings. ORS 33.145 provides that "[t]he Supreme Court may adopt rules to carry out the purposes of ORS 33.015 to 33.155." The Supreme Court adopted the Temporary Oregon Contempt Rules (TOCR) on September 27, 1991, and added them to the Uniform Trial Court Rules on August 1, 1993. TOCR 19.020 requires that the initiating instrument in a contempt proceeding state whether the sanction sought is remedial or punitive.

grounds in the contempt judgment under the current law does not invalidate the judgment, because we can determine the type of contempt that the court imposed.

■■ Mother also argues that the trial court erred because the evidence does not support a finding that mother willfully violated the court's order. We review a judgment of contempt to determine whether the evidence is sufficient to support a finding that there was a violation and that it was willful. *Southworth and Southworth*, 113 Or App 607, 610, 835 P2d 122, *rev den* 314 Or 574 (1992). After reviewing the record, we hold that the trial court's finding of contempt was supported by substantial evidence.

Mother's other arguments do not merit discussion.

Affirmed. Costs to father, not including attorney fees.