Argued and submitted January 5, reversed and remanded February 1, 2006

## In the Matter of the Marriage of

### Ivanna Deline MILLER,
*Respondent,*
*and*

### Keith Allan MILLER,
*Appellant.*

020224; A126305

129 P3d 211

Edward L. Daniels argued the cause for appellant. With him on the brief was Nicole M. Putnam.

Gordon L. Dick argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

WOLLHEIM, J.

### WOLLHEIM, J.

Husband appeals from a supplemental judgment holding him in contempt for failing to comply with his obligations under the general judgment dissolving his marriage. He concedes that he was in contempt, but contends that the trial court erred in confining him for 10 days because confinement for a definite period of time is not an available sanction for remedial contempt. We agree and reverse and remand.

■    Following husband's failure to comply with the terms of the dissolution judgment, wife filed a motion to hold husband in remedial contempt. One of the remedial sanctions wife sought was confinement. Following the contempt hearing the trial court held husband in contempt. One of the sanctions imposed in the supplemental judgment was husband's confinement:

> "[Husband] shall serve ten (10) days in the custody of the Linn County Supervisory Authority * * *

> "If [husband] does not come into compliance with the provisions of the Judgment of Dissolution after serving ten (10) days in the custody of the Linn County Supervisory Authority, the Court will enter further sanctions against [husband] as follows: 20 days for next violation and then 40 days confinement for the third violation."

Husband argues that his contempt sanction was punitive because he was confined for a definite period of time. Wife argues that husband's contempt sanction was remedial because, at the contempt hearing, the trial court indicated that husband had the keys to the jail because he would be released if he complied with the judgment. Husband is correct.

■    ORS 33.045(2) describes the difference between remedial and punitive confinement in the context of contempt:

> "Confinement may be remedial or punitive. The sanction is:

> "(a)   Remedial if it continues or accumulates until the defendant complies with the court's order or judgment.

"(b)  Punitive if it is for a definite period of time that will not be reduced even if the defendant complies with the court's order or judgment."

The supplemental judgment provides for a punitive sanction. Husband was required to serve 10 days' confinement even if he complied with the court's order. A review of the transcript confirms that the supplemental judgment is consistent with the trial court's oral order.[1]

ORS 33.065 limits the types of persons who may initiate proceedings to charge a person with punitive contempt. These include (1) a city attorney; (2) a district attorney; or (3) the attorney general. ORS 33.065(2). As an alternative, where the city attorney, district attorney, or attorney general declines to pursue the action, the court, in its discretion, "may appoint an attorney who is authorized to practice law in this state, and who is not counsel for an interested party, to prosecute the contempt." ORS 33.065(3).

Wife's attorney, accordingly, was not authorized to initiate a punitive contempt proceeding against husband. Accordingly, the trial court lacked authority to impose a punitive sanction.

Reversed and remanded.

---

[1] Of course, the written supplemental judgment controls over an inconsistency, if any, with the trial court's oral order. *Stevens v. Czerniak*, 336 Or 392, 397-98, 84 P3d 140 (2004).