Submitted March 30, portion of judgment imposing punitive contempt sanction reversed and remanded for entry of judgment imposing remedial contempt sanction, otherwise affirmed May 13, petitions for review denied December 10, 2015 (358 Or 449)

In the Matter of the Marriage of

Patrice Diane ALTENHOFEN,
*Petitioner below,*

*and*

Gary William VANDEN-BUSCH,
*Respondent below.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY WILLIAM VANDEN-BUSCH,
*Defendant-Appellant.*

Marion County Circuit Court
00C32122; A154458

349 P3d 655

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Gary W. Vanden-Busch filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant appeals the trial court's judgment finding him in contempt for failure to pay child support and imposing 60 months of bench probation. He contends that the trial court erred in finding him in contempt and that the court "plainly erred when it imposed a determinate term of probation on the basis of proceedings that were not conducted as provided in the punitive contempt statute." We reject defendant's contention that the trial court erred in holding him in contempt, but agree that the court committed plain error in imposing a determinate term of probation.[1] Accordingly, we reverse and remand the portion of the judgment imposing a punitive contempt sanction, and otherwise affirm.

As part of a dissolution of marriage, defendant was ordered to pay $604 per month in child support. Defendant, who has a law degree and has worked in the past as a financial planner, began having financial troubles. He was unemployed or underemployed for several years, although he attempted to find employment. Defendant fell behind on his child support and, at the time the contempt motion was filed, owed thousands of dollars in arrearages.

In 2012, the state moved for a show cause order for the imposition of remedial sanctions for contempt. It asserted that the "imposition of remedial sanctions of contempt is necessary to enforce the support and motivate future compliance with the support order[.]" The court entered an order to show cause, and defendant responded by raising the affirmative defense "of inability to comply with [the] Court's order to pay child support, for the reason that he has had insufficient funds to do so since 2008."

At the contempt hearing, the court heard evidence regarding defendant's financial difficulties and attempts to find employment. It also heard evidence that, after the contempt motion was filed, defendant began having health problems. There was also evidence that defendant had received approximately $5,000 from a settlement and $3,000 as a gift from a relative, but had not used any of that money for child

---

[1] In a *pro se* supplemental brief, defendant raises three additional assignments of error, which we reject without discussion.

support. However, he had purchased several things such as running shoes, guitar strings, and an antique camera to give as a gift.

The trial court found that defendant could not pay all the back child support that he owed, but noted that its "interpretation of the failure to pay defense is not hey, I can't pay the $600 a month, therefore I have a defense. It comes down to, can you pay anything? Can you pay a dollar?" The court found that, although defendant could not "pay the $600 a month," he could have paid something and did not. Accordingly, the court determined that defendant's failure to pay was willful, "that the failure to pay defense was not complete," and, therefore, found defendant in contempt. As noted, in its judgment, the trial court imposed a determinate term of probation.

In his first assignment of error, defendant contends that the trial court erred when it found him in contempt. He asserts that he was "not in contempt because he established the affirmative defense of inability to pay by a preponderance of the evidence."

"It has long been Oregon law that a willful failure to pay ordered child support constitutes contempt and that a case of contempt is established by proof that a person willfully failed to comply with a valid support order[.]" *State ex rel Mikkelsen v. Hill*, 315 Or 452, 456, 847 P2d 402 (1993). Willful disobedience "of a court order to pay child support is established by showing that a party, aware of a court order, neither has complied with nor sought a modification of the court's order." *Id.* at 458. In a "contempt proceeding brought for failure to pay child support, inability to comply with the support order is an affirmative defense." *Id.* The burden of establishing that defense is on the defendant. *Id.* at 456.

Defendant does not dispute the trial court's factual determination that he was able to pay something toward his child support obligation but had failed to do so. Instead, defendant asserts that the trial court "applied an incorrect legal standard to the affirmative defense of inability to pay." The court understood the defense to "come[] down to" whether a defendant could pay anything at all toward child support. In defendant's view, contrary to the trial court's understanding,

the defense does not require a defendant to establish that he cannot pay anything. Rather, in defendant's view, where there was a court order requiring him to pay a certain amount per month and he established that "he was unable to comply with the court order," the court committed legal error in finding him to be in contempt. Defendant is incorrect.

"If the defendant is able to comply partially with the decree, the law requires that he comply to the extent of his ability." *State ex rel Fry v. Fry*, 28 Or App 403, 406, 559 P2d 1293 (1977); *see also State ex rel Wolf v. Wolf*, 11 Or App 477, 480, 503 P2d 1255 (1972) ("The law requires that one comply with the court's order to the extent of his ability."). Thus, where a defendant could not fully comply with a support order, but had some money that he could have, but failed to, apply toward his support obligation, that defendant may be properly held in contempt. *See State ex rel Wolf*, 11 Or App at 480 (a defendant was properly held in contempt for failure to pay support where, although it was "obvious that he could not have complied fully with the" support order, "there was evidence that defendant, during [the relevant] period, had *some* funds in his hands which he could have applied toward [the support obligation], but * * * he chose to make other application of his money" (emphasis in original)). Contrary to defendant's contention, the trial court in this case did not apply an incorrect legal standard and did not err in holding defendant in contempt where it found that he could have paid something toward his support obligation but failed to do so.

In his second assignment of error, defendant asserts that the "trial court plainly erred when it imposed a determinate term of probation on the basis of proceedings that were not conducted as provided in the punitive contempt statute." *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."). Specifically, because the proceedings before the trial court were for remedial sanctions, defendant asserts that the trial court was not authorized to impose a determinate term of probation. In response, the state observes that the "case law is clear that a determinate term of probation is punitive, not

remedial, and there is no dispute that the proceeding below was initiated as a proceeding for the imposition of remedial sanctions." Thus, the state agrees that "it was an error of law apparent on the face of the record for the trial court to impose a determinate term of probation on defendant." We agree, and accept that concession. *See* ORS 33.045(2) (a sanction is remedial "if it continues or accumulates until the defendant complies with the court's order or judgment" and is punitive "if it is for a definite period that will not be reduced even if the defendant complies with the court's order or judgment"); ORS 33.065 (setting forth requirements for proceedings to impose punitive sanctions for contempt); *Miller and Miller*, 204 Or App 82, 129 P3d 211 (2006) (trial court may not impose a punitive sanction in remedial contempt proceeding).

The state nonetheless asserts that we should not exercise our discretion to correct the trial court's error. In deciding whether to exercise our discretion to correct plain error, we consider, among other things,

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). In light of those considerations, we conclude that it is appropriate to exercise our discretion to correct the trial court's error in this case. Specifically, as defendant points out, neither party has an interest in maintaining an unlawful contempt sanction, and the sentence "entails a risk of probation violation proceedings and sanctions to which defendant would not otherwise be subject." In short, we agree that the interests of the parties, the gravity of the error, and the ends of justice require correction of the error.

Portion of judgment imposing punitive contempt sanction reversed and remanded for entry of judgment imposing remedial contempt sanction; otherwise affirmed.