Submitted October 28, 2015, reversed and remanded March 2, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CORTEZ MIRANDA KAY AUSTIN,
true name Miranda Kay Cortez Austin,
aka Miranda Kay Cortez,
*Defendant-Appellant.*

Lincoln County Circuit Court
130267C; A157364

369 P3d 100

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Cecil Reniche-Smith, Assistant Attorney General, waived appearance for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals a judgment that found her in contempt and imposed punitive sanctions of one year of bench probation and a $500 fine. Defendant argues that the trial court plainly erred by imposing those punitive sanctions in a contempt proceeding for remedial sanctions. *See Altenhofen and Vanden-Busch*, 271 Or App 57, 62, 349 P3d 655 (2015) (reversing, as plain error, the trial court's imposition of a punitive sanction where the state conceded that "there is no dispute that the proceeding below was initiated as a proceeding for the imposition of remedial sanctions"). We agree with defendant, and we therefore reverse the imposition of punitive sanctions and remand for reconsideration.

The procedural history of this case is convoluted, to say the least, and a detailed discussion of the unique facts would not benefit the bench, the bar, or the public. In short, CIRN, Inc., a creditor of defendant, obtained a judgment against her, and defendant was ordered to appear at a debtor's examination. Although defendant appeared at that examination, she did not bring supporting financial documents with her, so the examination was postponed. After defendant failed to appear for the rescheduled examination, CIRN filed a motion for an order for defendant to show cause why she should not be held in contempt. *See* ORS 33.055(2)(a) (authorizing a "party aggrieved by an alleged contempt of court" to initiate remedial contempt proceedings "by filing a motion requesting that defendant be ordered to appear"). The trial court granted the motion and ordered defendant to show cause. The order stated that defendant faced, as sanctions, a $500 fine for each day the contempt continues; confinement for as long as the contempt continues, up to six months; and probation. *See* ORS 33.105(1)(c) (authorizing a remedial sanction of "[a]n amount not to exceed $500 or one percent of the defendant's annual gross income, whichever is greater, for each day the contempt of court continues. The sanction imposed under this paragraph may be imposed as a fine or to compensate a party for the effects of the continuing contempt"); ORS 33.105(1)(b) (authorizing a remedial sanction of "[c]onfinement for so long as the contempt continues, or six months,

whichever is the shorter period"); ORS 33.105(1)(d) (authorizing, as a remedial sanction, "[a]n order designed to insure compliance with a prior order of the court, including probation").

Defendant ultimately agreed to "plead guilty" to contempt, but the court imposed sanctions that went beyond remedying any continuing contempt or ensuring compliance with a prior order of the court. The trial court's judgment referred explicitly to "punitive" contempt and imposed sanctions—a 12-month probation term and a $500 fine—that applied regardless of whether defendant remedied her contempt.[1]

On appeal, defendant argues that the trial court plainly erred by imposing punitive sanctions in contempt proceedings that were remedial. We recently addressed a similar argument in *Altenhofen*, a case in which the trial court found the defendant in contempt for failure to pay child support and imposed 60 months of bench probation. 271 Or App at 59. The defendant argued that the "trial court 'plainly erred when it imposed a determinate term of probation on the basis of proceedings that were not conducted as provided in the punitive contempt statute.'" *Id.* (quoting the defendant's argument). The state, for its part, conceded that the "'case law is clear that a determinate term of probation is punitive, not remedial, and there is no dispute that the proceeding below was initiated as a proceeding for the imposition of remedial sanctions'"; thus, the state agreed with the defendant that it was "'an error of law apparent on the face of the record for the trial court to impose a determinate term of probation on [the] defendant.'" *Id.* at 61-62 (quoting the state's argument). We accepted the state's concession and exercised our discretion to reverse the award of punitive sanctions, explaining that "neither party has an interest in maintaining an unlawful contempt sanction, and the

---

[1] The judgment also identified "the state" as the plaintiff, notwithstanding the fact that the contempt proceedings had been instituted and litigated by CIRN, an interested party. *See* ORS 33.065(2), (3) (listing government actors and disinterested persons who are authorized to initiate and prosecute a contempt proceeding for punitive sanctions). An interested party is not authorized to initiate punitive contempt proceedings. *Miller and Miller*, 204 Or App 82, 85, 129 P3d 211 (2006); *Dahlem v. Dahlem*, 117 Or App 343, 346, 844 P2d 208 (1992).

sentence 'entails a risk of probation violation proceedings and sanctions to which [the] defendant would not otherwise be subject.'" *Id.* at 62 (quoting the defendant's argument).

This case presents an equivalent error involving the imposition of punitive sanctions. As was the case in *Altenhofen*, the proceedings plainly were instituted and litigated as remedial contempt proceedings; here, they were instituted and litigated by CIRN, an interested party in the civil action. Likewise, there is no dispute that the sanctions were punitive measures for past contempt rather than to ensure compliance with a court order; here, the judgment explicitly refers to "punitive" contempt and does not indicate that the sanctions depend on compliance with any court order. *See* ORS 33.045(3)(b) (explaining that a fine is "[r]emedial if it is for continuing contempt and the fine accumulates until the defendant complies with the court's judgment or order or if the fine may be partially or entirely forgiven when the defendant complies with the court's judgment or order"); *Altenhofen*, 271 Or App at 61-62 (explaining that a determinate term of probation is a punitive sanction). Accordingly, as in *Altenhofen*, we conclude that the trial court plainly erred by imposing punitive sanctions in a remedial contempt proceeding. We further conclude, for reasons similar to those expressed in *Altenhofen*, that it is appropriate to exercise our discretion to correct the error. *Id.* at 62 (concluding that the interests of the parties, the gravity of the error, and the ends of justice required correction of the error).

Reversed and remanded.