Submitted June 2, reversed August 2, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN D. GARDNER,
aka Kevin Dewayne Gardner,
*Defendant-Appellant.*

Jackson County Circuit Court
15CN01221; A160457

401 P3d 292

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Kevin D. Gardner filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

Defendant appeals a judgment of contempt that ordered him to pay delinquent child support and placed him on probation for a determinate period of one year. He argues that the trial court failed to follow the procedure required by ORS 33.055 (2015) to impose remedial sanctions for contempt, and that the court erred by imposing punitive contempt sanctions in a remedial contempt proceeding.

In relevant part, ORS 33.055 (2015) provides:

"(1) Except as otherwise provided in ORS 161.685,[1] proceedings to impose remedial sanctions for contempt shall be conducted as provided in this section.

"* * * * *

"(3) A motion to initiate a proceeding under this section shall be filed *in the proceeding to which the contempt is related,* if there is a related proceeding."

(Emphasis added.) Here, defendant's child-support obligations were imposed in Case No. 07-0806-D3, but the state initiated the contempt proceeding under a new case number. Defendant objected to that process, but the court noted that "statewide they're not brought in the same proceeding, it's a brand new filing now."[2]

The state concedes that its motion "was not filed in compliance" with ORS 33.055(3) (2015) because it was not

---

[1] ORS 161.685 provides the contempt procedure for defendants who willfully fail to pay fines or restitution in a criminal matter, and is therefore not relevant in this case.

[2] We note that the "statewide" practice referenced by the court may have been due to the implementation of a new electronic case management system. The legislature amended ORS 33.055(3) during the 2017 legislative session. Or Laws 2017, ch 252, § 1. Effective June 6, 2017, the amended statute provides, "If the alleged contempt is related to another proceeding, a motion to initiate a proceeding to impose remedial sanctions must be filed in accordance with rules adopted under ORS 33.145." Under ORS 33.145, the Supreme Court amended UTCR 19.020(2), also effective June 6, 2017, to provide that a party initiating a contempt proceeding under ORS 33.055 "must initiate the contempt proceeding by filing a motion in the related case" if a related circuit court case exists. UTCR 19.020(2) also provides that, "For purposes of the court's electronic case management system, the trial court administrator will treat the contempt proceeding as a separate case." The state asserts that its motion in this case would have complied with the current UTCR. That issue is not before us, and we express no opinion on it.

filed in "the proceeding to which the contempt is related." We agree and accept the state's concession.

Defendant also contends that the court plainly erred by imposing a punitive contempt sanction (a determinate term of probation) in a remedial contempt proceeding. *See State v. Austin*, 276 Or App 648, 650-51, 369 P3d 100 (2016) (noting that a determinative term of probation is punitive, not remedial); *cf.* ORS 33.105(1)(d) (authorizing probation as a remedial sanction for contempt). The state concedes that the court plainly erred by imposing a punitive sanction because the court lacked the authority to do so. *See Altenhofen and Vanden-Busch*, 271 Or App 57, 62, 349 P3d 655, *rev den*, 358 Or 449 (2015) (trial court committed plain error by imposing punitive sanction in a remedial contempt proceeding); *Miller and Miller*, 204 Or App 82, 84-85, 129 P3d 211 (2006) (same). For reasons similar to those expressed in *Altenhofen*, we conclude that it is appropriate to exercise our discretion to correct the trial court's error. 271 Or App at 62 (exercising discretion to correct unlawful contempt sanction because the interests of the parties, the gravity of the error, and the ends of justice require correction of the error).

Reversed.