TOOKEY, J.
*352 Respondent appeals a judgment that found him in contempt, imposed a sanction of 24 months of bench probation, and awarded respondent's real property to petitioner.[1] In his first assignment of error, respondent contends that the court plainly erred when it imposed a determinate term of bench probation in a remedial contempt proceeding because a determinate term of probation is a punitive sanction. In his second assignment, respondent argues that the trial court erred by awarding his real property to petitioner "because it was not a lawful remedial sanction, * * * and it impermissibly modified a previous property division" in the dissolution judgment.[2] We agree with respondent that the trial court plainly erred by imposing a determinate term of probation, and that it also erred by awarding respondent's real property to petitioner. Accordingly, we reverse the imposition of those sanctions and remand for reconsideration.
Respondent and petitioner divorced on July 27, 2015. In the dissolution judgment, petitioner's award included $1,000 per month in spousal support, and an "equalizing judgment" of $34,000 to be paid at $641.62 per month secured by a promissory note and trust deed. The court also ordered respondent to pay certain marital debts and petitioner's attorney fees. Respondent's award included real property in Adrian, Oregon valued at $55,310.
Respondent subsequently failed to pay petitioner any spousal support, failed to pay petitioner any equalization payments, failed to sign the promissory notes and deeds of trust, and failed to pay the marital debts pursuant to the dissolution judgment. Petitioner filed a motion for an order for respondent *312 to show cause why he should not be found in contempt for failing to comply with those orders in the *353 dissolution judgment.[3] In that motion, petitioner requested that respondent be sanctioned by imposing six months' incarceration in the county jail and a $1,000 fine. Additionally, as an alternative sanction, petitioner requested "the court to modify the terms of the general judgment entered in the divorce case" so that she would receive respondent's real property in Adrian, Oregon. In his written response, respondent raised the affirmative defense of an inability to pay because he was unemployed, had exhausted his unemployment benefits, and was receiving only $1,202 per month in social security. Additionally, respondent relied on Dornbusch and Dornbusch , 195 Or. App. 61, 96 P.3d 877 (2004) to argue that "the court is without the statutory authority to modify the property distribution set forth in the General Judgment" as a sanction for remedial contempt.
The trial court concluded that respondent had the ability to pay, and found respondent "in remedial contempt" for the following violations of the judgment of dissolution: "Failure to pay spousal support; Failure to pay the equalization payment of $641.[6]2 per month; Failure to sign the promissory notes and deeds of trust; [and] Failure to pay marital debt pursuant to the General Judgment." The court imposed an indeterminate six-month jail term, a 24-month determinate term of probation, and awarded petitioner "all, right, title, and interest in the real property" in Adrian, Oregon.[4]
On appeal, in his first assignment of error, respondent contends that the trial court plainly erred when it imposed a determinate 24-month term of probation in a remedial contempt proceeding. We may review an unpreserved error as one that is "apparent on the record" under ORAP 5.45(1) if certain conditions are met:
"(1) the error is one of law; (2) the error is apparent, in that the legal point is obvious, not reasonably in dispute; and *354 (3) the error appears on the face of the record, such that we need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable."
State v. Reynolds , 250 Or. App. 516, 519-20, 280 P.3d 1046, rev. den. , 352 Or. 666, 293 P.3d 1045 (2012) (brackets, internal quotation marks, and citation omitted).
There is no dispute that this is a remedial contempt proceeding because it was instituted and litigated by petitioner, "[a] party aggrieved by an alleged contempt of court." ORS 33.055(2)(a). We have consistently held that it is plain error to impose a determinate term of probation in a remedial contempt proceeding. See State v. Gardner , 287 Or. App. 225, 227, 401 P.3d 292 (2017) (trial court committed plain error by imposing a determinate term of probation because that sanction is punitive, not remedial); Altenhofen and Vanden-Busch , 271 Or. App. 57, 61-62, 349 P.3d 655, rev. den. , 358 Or. 449, 366 P.3d 719 (2015) (same). Accordingly, we conclude that the trial court plainly erred by imposing a determinate term of probation. We further conclude, for the reasons expressed in Altenhofen , that it is appropriate to exercise our discretion to correct the error. Id . at 62, 349 P.3d 655 (concluding that the interests of the parties, the gravity of the error, and the ends of justice required correction of the error).
In his second assignment of error, respondent contends that the trial court erred when it imposed a sanction that awarded petitioner the real property that respondent received in the dissolution judgment. A " '[r]emedial sanction' means a sanction imposed to terminate a continuing contempt of court or to compensate for injury, damage or costs resulting from a past or continuing contempt of court." ORS 33.015(4). On the *313 other hand, a " '[p]unitive sanction' means a sanction imposed to punish a past contempt of court." ORS 33.015(3). ORS 33.105(1) provides, in pertinent part:
"Unless otherwise provided by statute , a court may impose one or more of the following remedial sanctions:
"(a) Payment of a sum of money sufficient to compensate a party for loss, injury or costs suffered by the party as the result of a contempt of court.
*355 "* * * * *
"(c) An amount not to exceed $500 or one percent of the defendant's annual gross income, whichever is greater, for each day the contempt of court continues. The sanction imposed under this paragraph may be imposed as a fine or to compensate a party for the effects of the continuing contempt.
"(d) An order designed to insure compliance with a prior order of the court * * *.
"* * * * *
"(f) A sanction other than the sanctions specified in paragraphs (a) to (e) of this subsection if the court determines that the sanction would be an effective remedy for the contempt."
(Emphasis added.)[5]
We first note that the transfer of respondent's property was not a payment of money specified in ORS 33.105 (1)(a) or a fine specified in ORS 33.105(1)(c). Additionally, the sanction was not an "order designed to insure compliance with a prior order of the court" pursuant to ORS 33.105 (1)(d) or a "sanction [that] would be an effective remedy for the contempt" pursuant to ORS 33.105(1)(f). The court's award of respondent's real property to petitioner "went beyond remedying any continuing contempt or ensuring compliance with a prior order of the court," State v. Austin , 276 Or. App. 648, 650, 369 P.3d 100 (2016), because the record indicates that the $55,310 property award over-compensated petitioner for the injury, damages, or costs that petitioner incurred as a result of respondent's contempt, and the sanction applied regardless of whether respondent remedied his contempt. See ORS 33.015(4) (defining a "remedial sanction" as a "sanction imposed to terminate a continuing contempt of court or to compensate for injury, damage or costs resulting from a past or continuing contempt of court").
More to the point, petitioner requested "the court to modify the terms of the general judgment entered in the *356 divorce case" as a remedial sanction for contempt.[6] As noted, under ORS 33.105(1), a court can impose certain remedial sanctions "[u ]nless otherwise provided by statute ." (Emphasis added.) As we have stated, " ORS 107.135(1)(e) limits the authority of the court to modify property awards to certain awards based on enhanced earning capacity." Dornbusch , 195 Or. App. at 67, 96 P.3d 877 ; see Bidwell v. Baker , 193 Or. App. 657, 662, 91 P.3d 793, rev. den. , 337 Or. 547, 100 P.3d 217 (2004) ("[E]xcept as provided in ORS 107.135(1)(e) * * *, after the entry of a dissolution judgment, a court lacks authority to modify a property award in a dissolution action."); Williams and Williams , 134 Or. App. 8, 11, 894 P.2d 523 (1995) ("Generally, * * * a court cannot modify property division awards."); McDade and McDade , 107 Or. App. 567, 568, 812 P.2d 1390 (1991) (same).[7] Petitioner petitioned the trial court for a judgment finding respondent in remedial contempt; petitioner "did not petition the trial court to modify the dissolution judgment according to ORS 107.135(1)(e)" and, as a result, she is not entitled to receive *314 the property in Adrian, Oregon because that results in a property division "contrary to the division provided for in the dissolution judgment." Tough and Tough , 259 Or. App. 265, 271, 313 P.3d 326 (2013) (trial court erred in entering a qualified domestic relations order that was contrary to the property division in the dissolution judgment because the wife "did not petition the court to modify the dissolution judgment according to ORS 107.135(1)(e)"). We conclude that the court lacked the authority to award respondent's real property to petitioner as a remedial sanction for contempt.
Reversed and remanded.

On appeal, petitioner did not file a brief or otherwise appear.

In his brief, respondent requests that we review his second assignment as plain error. "[W]e have an independent obligation to determine questions related to preservation of error." Hickam and Hickam , 223 Or. App. 302, 304, 196 P.3d 63 (2008). After reviewing the record, we conclude that respondent preserved the argument that the "trial court lacked authority to award [respondent's] property to petitioner" in respondent's written response to petitioner's motion for an order to show cause.

Petitioner also accused respondent of removing $4,344.45 from an IRA account that she was awarded in the dissolution judgment. The trial court concluded that petitioner failed to prove that accusation.

The six-month jail term was conditioned on respondent signing the deed to the property in Adrian, Oregon over to petitioner and signing a promissory note. Respondent was released from jail after signing a deed conveying the real property to petitioner and signing a promissory note.

The other enumerated remedial sanctions include confinement, probation, and attorney fees. Those sanctions are not applicable here.

In an earlier order in this case, the Appellate Commissioner noted that "[t]his appeal is taken from a 'supplemental judgment' entered in the contempt proceeding." We agree with the Appellate Commissioner that "the judgment should bear the title 'general' judgment" because it is the conclusive disposition of the contempt proceeding (Case Number 15CN1013) that is separate from the dissolution of marriage action (Case Number 14-03-769-E).

ORS 107.135(1)(e) provides, in relevant part, that a court may, at any time after a judgment of dissolution of marriage, "[s]et aside, alter or modify any portion of the judgment that provides for a property award based on enhanced earning capacity of a party that was awarded before October 23, 1999."