PER CURIAM
*485 This is an appeal from a judgment of remedial contempt[1] in which the trial court found that appellant had violated the parenting time provisions of a dissolution judgment. The court imposed, among other sanctions, a determinate term of "24 months of bench probation, with a stay of imposition of six months of jail," and a related bench probation fee in the amount of $100. On appeal, appellant assigns error to the imposition of those sanctions. Although appellant did not object to the challenged sanctions below, she relies on a series of our decisions to contend that the trial court plainly erred by imposing the determinate term of probation, and that we should exercise our discretion to correct that plain error.
Appellant is correct that we routinely have held that it is plain error for a trial court to impose a determinate term of probation as a sanction in a remedial contempt proceeding. Lamm and Lamm , 290 Or. App. 351, 354, 416 P.3d 310 (2018) ("We have consistently held that it is plain error to impose a determinate term of probation in a remedial contempt proceeding."); State v. Gardner , 287 Or. App. 225, 227, 401 P.3d 292 (2017) (trial court plainly erred by imposing a determinate term of probation in a remedial contempt proceeding because a determinate term of probation is a punitive sanction, not a remedial one); Altenhofen and Vanden-Busch , 271 Or. App. 57, 61-62, 349 P.3d 655, rev. den. , 358 Or. 449, 366 P.3d 719 (2015) (same). For that reason, we conclude that the trial court plainly erred in this case by imposing a determinate term of probation. We further conclude, for reasons similar to those in Altenhofen , that it is appropriate to exercise our discretion to correct that error. See Altenhofen , 271 Or. App. at 62, 349 P.3d 655 (concluding that "the interests of the parties, the gravity of the error, and the ends of justice" weighed in favor of correcting erroneously imposed term of probation, where the erroneous term exposed the defendant to the risk of sanctions and further proceedings to which he would not otherwise be subject).
*486 Portions of judgment (1) imposing determinate term of probation, with stay of imposition of six months jail, and (2) imposing *481 supervision fee reversed and remanded; otherwise affirmed.

This contempt proceeding was initiated by appellant's former husband, "[a] party aggrieved by an alleged contempt of court." ORS 33.055(2)(a). For that reason, this proceeding necessarily is a remedial contempt proceeding and not a punitive one. Lamm and Lamm , 290 Or. App. 351, 354, 416 P.3d 310 (2018).