No. 668 December 20, 2023 675

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Joe CASTELLUCCIO,
*Plaintiff-Respondent,*

*v.*

Jessica Lynn McGREW,
*Defendant-Appellant.*

Douglas County Circuit Court
21CN04016; A178532 (Control), A179120

William A. Marshall, Judge.

Argued and submitted November 16, 2023.

Carla Edmondson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

No appearance by respondent.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Judgment in A179120 reversed and remanded; judgment in A178532 affirmed.

**LAGESEN, C. J.**

In this consolidated appeal from two remedial contempt judgments, defendant assigns as plain error the trial court's imposition of a 90-day term of incarceration in the Douglas County Jail. The trial court imposed that sanction in the judgment at issue in A179120. Defendant correctly points out (1) that a fixed term of incarceration is a punitive sanction; and (2) that punitive sanctions are not permitted in remedial contempt proceedings. *See* ORS 33.045(2)(b); *Miller and Miller*, 204 Or App 82, 85, 129 P3d 211 (2006) (holding that fixed term of confinement is punitive sanction, which is not authorized in remedial contempt proceeding); *State v. Austin*, 276 Or App 648, 651, 369 P3d 100 (2016) (holding that punitive sanctions are not authorized in remedial contempt proceedings). Defendant further notes, again correctly, that it is plain error for a trial court to impose a punitive sanction in a remedial contempt proceeding. *Austin*, 276 Or App at 651 (holding trial court plainly erred in imposing punitive sanctions in a remedial contempt proceeding). Defendant asks us to exercise our discretion to correct that error, as we have in the past in similar cases.[1] *See id*.

We agree with defendant. Under our case law, the trial court plainly erred by imposing a punitive contempt sanction of incarceration in a remedial contempt proceeding. The law has long been clear that putting a person in jail for a fixed term is not a legally permissible option in a remedial contempt proceeding. *Miller*, 204 Or App at 85. We exercise our discretion to correct the error. As we have recognized, a punitive sanction of confinement "carries a collateral consequence of a stigma that is analogous to a criminal conviction." *State v. Hauskins*, 251 Or App 34, 38-39, 281 P3d 669 (2012).[2] Defendant has a strong interest in having the error corrected to redress that stigma, and we have identified no interest in preserving the erroneous sanction. The error is grave because appellant was erroneously deprived

---

[1] Defendant does not raise any assignments of error relating to the judgment of remedial contempt in A178532.

[2] Although defendant has completed the jail term, under *Hauskins*, the stigma associated with that term of confinement means that this appeal is not moot. *See Hauskins*, 251 Or App at 38-39 (so noting); *see also State v. Martinez-Garcia*, 283 Or App 473, 477-78, 389 P3d 405 (2017) (same).

of her liberty. The error is also grave because of the stigma associated with that erroneous term of incarceration, as we described in *Hauskins*. Under those circumstances, we are persuaded that the ends of justice are best served by correcting the error. *Cf. State v. G. L.*, 238 Or App 546, 558, 243 P3d 469 (2010) (exercising discretion to correct plain error in civil commitment proceeding because of stigmatizing consequences of involuntary deprivation of liberty). We therefore reverse and remand the judgment in A179120.

Judgment in A179120 reversed and remanded; judgment in A178532 affirmed.