No. 263 April 1, 2026 235

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Rio HOUSTON,
*Plaintiff-Respondent,*

*v.*

Amanda C. HOUSTON,
*Defendant-Appellant.*

Jackson County Circuit Court
25CN01261; A187499

Timothy Barnack, Judge.

Argued and submitted March 5, 2026.

Laura Graser argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Sanction of $25,000 reversed and remanded; otherwise affirmed.

**JACQUOT, J.**

Defendant (wife) appeals from a judgment in which she was found to be in contempt of the court for willfully withholding a tool chest from plaintiff (husband) after the tool chest was awarded to husband in their dissolution of marriage general judgment. Wife raises five assignments of error challenging the court's finding of contempt and imposition of a sanction. Husband does not appear on appeal. For the reasons provided below, we affirm in part and reverse in part.

"We review a judgment of contempt to determine whether the evidence is sufficient to support a finding that there was a violation and that it was willful." *Paradis and Keith*, 147 Or App 144, 148, 935 P2d 436 (1997). To impose "a remedial sanction other than confinement, proof of contempt shall be by clear and convincing evidence." ORS 33.055(11). We review a trial court's imposition of a remedial sanction for abuse of discretion. *Elizabeth Lofts Condo Owners' v. Victaulic Co.*, 293 Or App 572, 578-79, 428 P3d 952 (2018).

We present the facts consistent with that standard of review. A judgment was entered dissolving the parties' marriage in September 2024. That judgment provides that husband was to pay wife $225,000 as an equalizing payment for distribution of marital property. Husband was to make an initial $100,000 payment to wife in March 2025. He was to make a second payment of $125,000 in September 2025. As relevant to this appeal, husband was awarded the ranch property, his personal papers, a dump trailer, and a list of personal property items, and wife was awarded a list of personal property items.

While married, the parties owned the ranch property, and at the time of the dissolution trial in May 2024, both parties had personal property at the ranch. After husband was awarded the ranch, including tangible property on the ranch, wife was given a brief period of time to remove her own personal property from that location. No one lived at the ranch for a period of time.

Husband made the initial $100,000 payment in March 2025. In that same month, husband filed a complaint,

declaration in support, and *ex parte* motion for an order to show cause. Husband alleged that wife was in contempt of the dissolution judgment because she retained his personal papers, the dump trailer, and a list of personal property items.

The court held a contested contempt hearing at which husband and wife both appeared *pro se*. Both parties were sworn at the beginning of the hearing and both parties were given an opportunity to tell their version of events and present arguments to the court. Husband argued that wife willfully withheld his belongings. Wife agreed to return all of husband's property that she had in her possession: personal papers, the dump trailer, a saddle, a firearm, and the tool chest, and she argued that other property had been stolen while the ranch was unoccupied. She said she had filed police reports regarding numerous stolen items—including many of the items husband was requesting.

Wife said she took the tool chest because she did not want it to be stolen from the unattended ranch. She explained that one of the reasons she had not yet returned it to husband was because she was trying to get husband to sign a document.[1] At the time of the contempt hearing, husband had signed the document and wife agreed to return all property of his that she had in her possession. Husband argued that wife is the one who took all of the items.

The trial court explicitly found that wife willfully withheld the tool chest and found her in contempt on that sole basis. The trial court ordered wife to return all of

_____

[1] At the beginning of the hearing, the court asked, "Is there some reason why some of these items hav[e not] been returned, or not?" Wife began her response with, "After court, I[ have] been trying to get Mr. Houston to sign off on my house and other paperwork ***."

Later in the hearing, wife argued that she did not "willfully" withhold anything. And she argued that the reason she did not return the tool chest was because "I[ ha]ve had two major neck surgeries. I [a]m supposed to get another one. I threw my back at the same time. *** I was dealing with my own stuff. *** I was dealing with my own life *** he was[ not] even here."

The court responded, "[Y]ou were dealing with your own life. *** I understand all of that. But you did intentionally withhold that tool chest."

After further argument from both parties, the court stated, "I do know you [(wife)] withheld that chest for an improper purpose." Wife responded, "Right." The court stated, "To get him to sign a document." Wife again responded, "Right."

husband's property that she had in her possession: personal papers, the dump trailer, a saddle, a firearm, and the tool chest. Although the court acknowledged that theft of some items seemed likely given that the ranch was unoccupied for a period of time, the court declined to find that the items had been stolen by a third party. The court also declined to find that wife had wrongfully taken the unaccounted-for items.

In considering a sanction to impose on wife, the court asked husband to give a "realistic number *** on everything. *** [Except for] things you[ are] going to get back [like] the trailer." Husband said that if he had to buy all of the missing items new, it would cost "$50,000. So how about realistically [$]25[,000]?" The court imposed a $25,000 sanction on wife. To effectuate that sanction, the contempt judgment reduced the remaining payment that husband was required to make from $125,000 to $100,000. Husband also agreed to return personal property to wife, though that agreement was not memorialized in the judgment.

We disagree with wife regarding her first assignment of error, in which she argues that the trial court erred in holding her in contempt after it did not allow her to present evidence in support of her affirmative defense. "A trial court may, in the exercise of sound discretion, reasonably control the presentation of evidence, the examination of witnesses, and the progress of trial." *Dominguez and Fields*, 286 Or App 504, 509, 399 P3d 472 (2017). "To be reasonable, however, the court's exercise of that authority must be fundamentally fair, meaning, as relevant here, that the court must allow each party the opportunity for a reasonably complete presentation of evidence and argument." *Id.* at 509-10.

During the hearing, both parties were given an opportunity to present their "legal theory of the case," *id.* at 512, and both parties were given an opportunity to present their view of the facts. The court declined to credit husband's allegation that wife had taken or was in possession of the missing items of property; the court did not make a finding that wife had willfully withheld the unaccounted-for property. Wife's affirmative defense—that she could not comply with the dissolution judgment regarding unaccounted-for

property that she believes was stolen—does not apply to the sole contempt finding made by the court. The tool chest was not unaccounted-for; wife testified that it was in her possession and that she had withheld it for a period of time while she was attempting to get husband to sign a document. Sufficient evidence supported the court's finding that wife willfully withheld the tool chest, and we do not disturb that finding. *See Paradis*, 147 Or App at 148 (sufficient evidence supported a finding that the defendant willfully violated a court order).

Had wife been afforded an opportunity to present additional evidence regarding her affirmative defense of inability to comply with the judgment due to items being stolen, that defense would still not apply to the tool chest because the tool chest was not stolen. Even if the court accepted wife's affirmative defense as wholly true, doing so would not have rendered the finding that she willfully withheld the tool chest unsound.[2] *See Dominguez*, 286 Or App at 514 (even if the court accepted the mother's proffered evidence "as true, the written testimony would not render the court's ruling unsound," and thus the trial was not rendered fundamentally unfair); *see also State v. Olmstead*, 310 Or 455, 461, 800 P2d 277 (1990) (if a "defense is unavailable as a matter of law," it is not error to decline an opportunity to present more evidence that would provide "no additional information that bears on the *legal* question of the availability of the defense" (emphasis in original)).

We review wife's second and third assignments of error together. She argues that the trial court erred in imposing a $25,000 sanction based solely on the tool chest contempt finding, especially given that the court found it had "no proof *** whatsoever" that the unaccounted-for items had been taken or withheld by wife. She argues that "[t]here was no legal nexus between the finding of contempt and the sanction." We determine that reversal of the $25,000 sanction is warranted.

---

[2] The record indicates that the court considered and rejected wife's proffered affirmative defense that she was unable to comply with the order due to medical circumstances; the court determined that notwithstanding her medical circumstances, she willfully withheld the tool chest while seeking husband's signature. Evidence in the record exists to support the court's determination, thus we do not disturb it.

ORS 33.015(2)(b) provides that willfully disobeying a judgment constitutes contempt of court. A court may impose a "remedial sanction" after a contempt finding in order to "terminate" continuation of contempt or "to compensate for injury, damage, or costs" resulting from the contempt conduct.[3] ORS 33.015(4). A court may impose "payment of a sum of money sufficient to compensate a party for *loss, injury or costs suffered by the party as the result of a contempt of court.*" ORS 33.105(1)(a) (emphasis added).

On this record, it was lawful for the court to find wife in contempt. However, the court's grant of $25,000 to husband was unlawful because there was insufficient evidence to support a determination that wife's contempt conduct—willfully withholding the tool chest—*resulted* in a "loss, injury or costs" suffered by husband equal to $25,000.[4] *See Lamm and Lamm*, 290 Or App 351, 354-56, 416 P3d 310 (2018) (award of real property was not a lawful remedial sanction because it would "over-compensate" the petitioner and was not designed to ensure compliance with a prior order of the court). Husband was expected to regain possession of the tool chest several days after the contempt hearing, based on wife's agreement and pursuant to the contempt judgment. Thus, husband's "loss or injury" related to the tool chest was a "temporary injury," which "justifies damages measured by the loss of use or rental value during the period of injury ***." *Hudson v. Peavey Oil Company*, 279 Or 3, 10, 566 P2d 175 (1977); *cf. PGE v. Taber*, 146 Or App 735, 739, 934 P2d 538, *rev den*, 325 Or 438 (1997) ("[W]here property is destroyed, the measure of damages is generally the market value of the property."). However, there is no evidence regarding the value of the use of the tool chest per period of time, thus, husband did not establish a

---

[3] Punitive sanctions are not available unless contempt proceedings are initiated by a city attorney, district attorney, or the Attorney General via an accusatory instrument. ORS 33.065 (2); *see also State v. Austin*, 276 Or App 648, 650-51, 369 P3d 100 (2016) (reversing the imposition of punitive sanctions where the proceedings were initiated by a civil litigant).

[4] A court may impose "[a]n amount not to exceed $500 or one percent of the defendant's annual gross income, whichever is greater, for each day the contempt of court continues. The sanction imposed under this paragraph may be imposed as a fine or to compensate a party for the effects of the continuing contempt." ORS 33.105(1)(c). There is no indication in the record that the court was imposing a sanction under that provision.

record that he was entitled to damages for the period of time he did not have possession of it.

Pursuant to ORS 33.105(1)(a), reasonable costs associated with husband's efforts to regain possession of the tool chest may also be contemplated as a sanction, but again, there was no evidence regarding costs that husband incurred. ORS 33.1015(1)(e) authorizes the imposition of attorney fees,[5] but the court did not award such fees.

Although the court appears to have based the $25,000 figure on husband's assertion that a "realistic number *** on everything," including unaccounted-for items, was $25,000, wife was only found in contempt regarding the tool chest. We agree with wife's argument that the $25,000 sanction was arbitrary. On remand, the trial court must determine "whether remedial sanctions, if any, are appropriate," *Elizabeth Lofts*, 293 Or App at 581, and create a record that is "sufficiently clear to permit meaningful appellate review," in the context of the record as a whole, *Jaimez v. Rosales*, 323 Or App 741, 743, 525 P3d 92 (2023) (internal quotation marks and citation omitted).

Because we are reversing the $25,000 sanction, it is unnecessary for us to reach wife's fourth and fifth assignments of error and we decline to do so.[6]

Sanction of $25,000 reversed and remanded; otherwise affirmed.

---

[5] Although husband appeared *pro se* at the hearing, in his pleading, he asserted that he had incurred attorney fees as a result of wife's contempt conduct. There was no discussion of attorney fees or costs during the hearing.

[6] In her fourth assignment, she argues the trial court erred when it declined to make findings about why it imposed the $25,000 sanction. In her fifth, she argues that the trial court erred by modifying the parties' dissolution property division.